ORIGINAL

FLORENCE T. NAKAKUNI #2286
United States Attorney
District of Hawaii

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 06 2012

at____ o'clock and  10  min. D    M.
SUE BEITIA, CLERK

KENNETH M. SORENSON
Assistant United States Attorney
300 Ala Moana Blvd., Rom 6-100
PJKK Federal Building
Honolulu, HI 96580
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email:  Ken.Sorenson@usdoj.gov

DENIS J. MCINERNEY
Chief, Fraud Section
U.S. Department of Justice

MARK W. PLETCHER #34615 (CO)
Trial Attorney
U.S. Department of Justice
Criminal Division
1400 New York Ave. NW, 4th Floor
Washington, DC 20010
Telephone: (202) 307-6186
Facsimile: (202)514-7021
Email: mark.pletcher@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. **CR 12-00579 LEK** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **INFORMATION** |
| | ) | |
| LARRY EMMONS, | ) | Violations: |
| | ) | |
| Defendant. | ) | 18 U.S.C. § 201 |
| | ) | 18 U.S.C. § 981(a)(1)(C) |
| | ) | 28 U.S.C. § 2461(c) |
| _____ | ) | |

## INFORMATION

The United States, through its attorneys, charges that:

## INTRODUCTION

1.    From in or about January 2012 until at least in or about March 2012 (the "relevant period"), the United States Department of Defense operated Forward Operating Base ("FOB") Fenty, near Jalalabad, Afghanistan.  During the relevant period, the defendant, LARRY EMMONS ("defendant"), a Specialist in the United States Army, was deployed to FOB Fenty with the 25th Infantry Division, 325th Brigade Support Battalion ("BSB"), Alpha Company, Schofield Army Barracks, Honolulu, Hawaii.  The U.S. military stockpiles fuel at FOB Fenty for use on base and for transport to other forward operating bases in Afghanistan.

2.    At FOB Fenty, defendant served as a Petroleum Supply Specialist where he was responsible for the loading and transporting of water and fuel, including jet fuel (referred to as "JP8"), to various other military bases in furtherance of military operations in that geographic territory.  As a Specialist in the United States Army, defendant was a public official within the meaning of 18 U.S.C. § 201(a).

3.    During the relevant period, Person A, a Sergeant First Class in the United States Army and the Truck Master of the 325th BSB, was defendant's supervisor.  Person B, another Sergeant in

the 325th BSB, also had responsibilities for loading and transporting fuel at FOB Fenty during the relevant period.

## THE SCHEME

4.   On or about January 22, 2012, the day after defendant returned from mid-tour leave, Person A approached him to participate in an ongoing scheme among Person A, Person B, and various employees of an Afghan military trucking contractor, to steal JP8 jet fuel from FOB Fenty.

5.   Defendant agreed to participate, and thereafter, from on or about January 23, 2012 until on or about February 18, 2012, defendant, demanded, sought, received, money, in return for facilitating the theft of fuel from FOB Fenty.

6.   To effect this scheme, defendant, Person A, Person B, and others would surreptitiously fill with JP8 three thousand (3,000) gallon trucks – termed "jingle trucks" for their bright adornments -- owned by the Afghan military trucking contractor. When filling the jingle trucks, defendant, Person A, Person B, and others took steps to conceal their activities, including filling the jingle trucks in clandestine locations and at the times of day least likely to arouse suspicion.

7.   Either Person A or defendant would then create a fraudulent Transportation Movement Request ("TMR"), which is a military document that officially authorizes the movement of fuel from FOB Fenty to another location.  Defendant or Person A gave

3

those fraudulent TMRs to the drivers of the jingle trucks, who then presented these fraudulent TMRs at the secure departure checkpoint in order to justify their departure from FOB Fenty with a truckload of JP8 jet fuel.

8.    In return for these official acts in facilitating the theft of fuel from FOB Fenty, employees of the Afghan military contractor paid defendant, Person A, and/or Person B approximately $6,000 per three thousand gallon truckload of fuel stolen from FOB Fenty.

**COUNT ONE**
Bribery
**18 U.S.C. § 201(b)(2)**

9.    Paragraphs 1-8 are hereby re-alleged and incorporated by reference as though set forth in full in Count One.

10.    From on or about January 23, 2012 until on or about February 18, 2012, at Forward Operating Base Fenty, Jalalabad, Afghanistan, and elsewhere, defendant

**LARRY EMMONS,**

a public official, did knowingly and unlawfully, directly and indirectly, corruptly demand, seek, receive, and accept money in return for being influenced in the performance of official acts, and in return for being influenced to commit and aid in committing and to collude in and allow fraud on the United States, and in return for being induced to do and omit to do acts in violation of his lawful duty; that is, defendant, a Specialist

4

in the United States Army, did knowingly and unlawfully, directly and indirectly, corruptly demand, seek, receive, and accept money in return for facilitating the theft of fuel at FOB Fenty.

All in violation of Title 18, United States Code, Section 201(b)(2), and pursuant to the extraterritorial venue provisions in Title 18, United States Code, Section 3238.

## CRIMINAL FORFEITURE
### 18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461

12.   The allegations contained in Count One of this Information are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

13.   Upon conviction of the offense in violation of 18 U.S.C. § 201(b)(2), set forth in Count One of this Information, defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, including:

(a) $74,850 in U.S. currency seized from defendant at FOB Fenty, Afghanistan on February 26, 2012.

14.   As a result of any act or omission of the defendant, if any of the property described above (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other

property which cannot be divided without difficulty, the United

States shall be entitled to forfeiture of substitute property

under 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

All pursuant to Title 18, United States Code, Section

981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

Dated: June 6, 2012         , at Honolulu, Hawaii.

> FLORENCE T. NAKAKUNI
> United States Attorney
> District of Hawaii
>
> By _____
>     LESLIE E. OSBORNE, JR.
>     Chief, Special Crime Section
>
>
> DENIS J. MCINERNEY
> Chief, Fraud Section
> United States Department of
> Justice, Criminal Division
>
> By _____
>     MARK W. PLETCHER
>     Trial Attorney

UNITED STATES v. LARRY EMMONS
"Information"
Cr. No. _____

6