FLORENCE T. NAKAKUNI  #2286
United States Attorney
District of Hawaii

LESLIE E. OSBORNE, JR.  #3740
MARSHALL SILVERBERG #5111
Criminal Division
Room 6100, PJKK Fed. Building
300 Ala Moana Blvd.
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Email:
marshall.silverberg@usdoj.gov

DENIS J. MCINERNEY
Chief, Fraud Section
U.S. Department of Justice

MARK W. PLETCHER  #34615 (CO)
Trial Attorney
U.S. Department of Justice
Criminal and Antitrust Divisions
1400 New York Ave. NW, 4th Floor
Washington, DC 20010
Telephone: (202) 307-6186
Facsimile: (202) 514-7021
Email: mark.pletcher@usdoj.gov

Attorneys for
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 08 2012

at____ o'clock and ____ min.____M.
SUE BEITIA, CLERK

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA | CR. NO. **1:12-cr-00579-LEK** |
| v. | **PLEA AGREEMENT** |
| LARRY EMMONS II | <u>Count One</u>: 18 U.S.C. § 201 |
| Defendant. | |

### PLEA AGREEMENT

The United States of America and Larry EMMONS II

("defendant") and defendant's counsel hereby enter into the

following Plea Agreement pursuant to Rule 11(c)(1)(B) of the

Federal Rules of Criminal Procedure ("Fed. R. Crim. P.")

### RIGHTS OF DEFENDANT

1.    Defendant understands his rights:

(a)  to be represented by an attorney;

(b)   to plead not guilty to any criminal charge brought against him;

(c)   to have a trial by jury, at which he would be presumed not guilty of the charges and the United States would have to prove every essential element of the charged offenses beyond a reasonable doubt for him to be found guilty;

(d)   to confront and cross-examine witnesses against him and to subpoena witnesses in his defense at trial;

(e)   not to be compelled to incriminate himself;

(f)   to appeal his conviction, if he is found guilty; and

(g)   to appeal the imposition of sentence against him.

## AGREEMENT TO PLEAD GUILTY
## AND WAIVE CERTAIN RIGHTS

2.   Defendant knowingly and voluntarily waives the rights set out in Paragraph 1(b)-(f) above, and all jurisdictional and venue defenses to the prosecution of this case, and agrees voluntarily to consent to the jurisdiction of the United States to prosecute this case against him in the United States District Court for the District of Hawaii.  Defendant knowingly and voluntarily waives his right to assert the statute of limitations, 18 U.S.C. § 3282, as a defense to these offenses. Defendant also knowingly and voluntarily waives the right to challenge his conviction and sentence or the manner in which his

2

sentence was determined in any direct appeal or collateral attack, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. §§ 2241 or 2255, except that defendant may make such a challenge based on a claim of ineffective assistance of counsel or if the sentence imposed by the Court constitutes an upward variance from the Guideline range deemed applicable by the Court, in which case defendant's challenge will be expressly limited to contesting the portion of the sentence which constituted the upward variance. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), (c). Pursuant to Fed. R. Crim. P. 7(b), defendant will waive indictment and plead guilty at arraignment to a one-count Information to be filed in the District of Hawaii, charging defendant with bribery in violation of 18 U.S.C. § 201. As charged in the Information defendant admits that, as a public official, he directly and indirectly, corruptly demanded, sought, received, and accepted things of value, namely money, in return for being influenced in the performance of official acts, and in return for being influenced to commit and aid in committing and to collude in and allow fraud on the United States, and in return for being induced to do and omit to do acts in violation of his lawful duty. Defendant is pleading guilty because he is guilty and understands that he will be adjudicated guilty of this offense.

3

3.   Defendant, pursuant to the terms of this Plea Agreement, will plead guilty to the criminal charges described in Paragraph 2 above and will make a factual admission of guilt to the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 4 below.  Defendant agrees that the facts set forth in Paragraph 4 establish his guilt beyond a reasonable doubt.

## FACTUAL BASIS FOR OFFENSE CHARGED

4.   Had this case gone to trial, the United States would have presented evidence sufficient to prove the following facts:

(a)   From in or about January 2012 until at least in or about March 2012 (the "relevant period"), the United States Department of Defense ("DOD") operated Forward Operating Base ("FOB") Fenty, near Jalalabad, Afghanistan.  During the relevant period, defendant, a Specialist in the United States Army, was deployed to FOB Fenty with the 25th Infantry Division, 325th Brigade Support Battalion ("BSB"), Alpha Company, Schofield Army Barracks, Honolulu, Hawaii. Under that command, defendant served as a Petroleum Supply Specialist where he was responsible for loading and transporting water and fuel, including jet fuel ("JP8"), to various other military bases in furtherance of military operations in that geographic territory.  As a Specialist in the United States Army, defendant is a public official within the meaning of 18 U.S.C. § 201(a).

4

(b)   During the relevant period, Person A, a Sergeant First Class in the United States Army and the Truck Master of the 325th BSB, was defendant's supervisor.   Person B, another Sergeant in the 325th BSB, also had responsibilities for loading and transporting fuel at FOB Fenty.

(c)   On or about January 22, 2012, the day after defendant returned from midtour leave, Person A approached him to participate in an ongoing scheme among Person A, Person B, and various employees of an Afghan military trucking contractor, to steal JP8 jet fuel from FOB Fenty.

(d)   Defendant agreed to participate in this scheme, and thereafter, from on or about January 23, 2012 until on or about February 18, 2012, defendant, as a public official, directly and indirectly, corruptly demanded, sought, received, and accepted things of value, namely money, in return for facilitating the theft of fuel from FOB Fenty.

(e)   To effect this scheme, defendant, Person A, Person B, and others would surreptitiously fill with JP8 three thousand (3000) gallon trucks – termed "jingle trucks" for their bright adornments – owned by the Afghan military trucking contractor.   When filling the jingle trucks, defendant, Person A, Person B, and others, took steps to conceal their activities, including filling the jingle

trucks in clandestine locations and at times of day least likely to arouse suspicion.

(f)  Either Person A or defendant would then create a fraudulent Transportation Movement Request ("TMR"), which is a military document that officially authorizes the movement of fuel from FOB Fenty to another location.  Defendant or Person A gave those fraudulent TMRs to the drivers of the jingle trucks, who then presented these fraudulent TMRs at the secure departure checkpoint in order to justify their departure from FOB Fenty with a truckload of JP8 jet fuel.

(g)  In return for their official acts in facilitating the theft of fuel from FOB Fenty, employees of the Afghan military contractor paid defendant, Person A, and/or Person B $6,000 per three thousand gallon truckload of fuel.

(h)  During defendant's involvement in this scheme, from on or about January 23, 2012 until on or about February 18, 2012, defendant and his co-schemers facilitated the theft of approximately 135,000 gallons of fuel from FOB Fenty.

(i)  During defendant's involvement in this scheme, replacing JP8 jet fuel at FOB Fenty cost the United States approximately $4.25/gallon, and thus, the loss to the United States occasioned by the criminal conduct of defendant and his co-schemers was at least $573,750.

## POSSIBLE MAXIMUM SENTENCE

5.   Defendant understands that the statutory maximum penalties which may be imposed against him upon conviction for a violation of 18 U.S.C. § 201 are:

(a)   a term of imprisonment of fifteen (15) years;

(b)   a fine in an amount equal to the greatest of:   (1) $250,000; (2) three times the thing of value; (3) twice the gross pecuniary gain derived from the crime; or (4) twice the gross pecuniary loss caused to the victims of the crime;

(c)   a term of supervised release of not more than three years following any term of imprisonment.   If defendant violates any condition of supervised release, defendant could be required to serve the entire term of supervised release in prison.   18 U.S.C. §§ 3559(a)(3); 3583(b)(2) and (e)(3); and United States Sentencing Guidelines  ("U.S.S.G.," "Sentencing Guidelines," or "Guidelines") § 5D1.2(a)(2).

6.   In addition, defendant understands that:

(a)   pursuant 18 U.S.C. §§ 3663(a)(3) or 3583(d), the Court shall order him to pay restitution to the victims of the offenses; and

(b)   pursuant to 18 U.S.C. § 3013(a)(2)(A), the Court is required to order defendant to pay a $100.00 special assessment upon conviction.

## SENTENCING GUIDELINES

7.   Defendant understands that the Sentencing Guidelines are advisory, not mandatory, and that the Court must consider the Guidelines in effect on the day of sentencing, along with the other factors set forth in 18 U.S.C. § 3553(a), in determining and imposing sentence.  Defendant understands that the Guidelines determinations will be made by the Court by a preponderance of the evidence standard.  Defendant understands that although the Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its sentence must be reasonable based upon consideration of the sentencing factors in 18 U.S.C. § 3553(a). Defendant agrees that this Plea Agreement, along with the record that will be created by the United States and defendant at the plea hearing and any sentencing memorandum, will provide sufficient information concerning defendant, the crimes charged, and defendant's role in the crimes to enable the meaningful exercise of the Court's sentencing authority.

## SENTENCING AGREEMENT

8.   For purposes of calculating the sentence directed by the Sentencing Guidelines, the United States and defendant agree to recommend the following calculation, which the parties agree provides a fair, just, and reasonable resolution of this matter:

(a)   The November 1, 2011, Guidelines apply;

(b)   Pursuant to Guideline §2C1.1(a)(1), as a public official, defendant's base offense level is 14;

(c)   The offense involved more than one bribe, and thus a two-level increase is appropriate pursuant to §2C1.1(b)(1);

(d)   The loss to the United States occasioned by the offense was at least more than $400,000 but less than $1,000,000, and thus a fourteen-level increase is appropriate pursuant to U.S.S.G. §§2C1.1(b)(2) and 2B1.1(b)(1)(H);

(e)   The Total Offense Level is 30.

9.   The United States does not oppose a two-level reduction in defendant's combined offense level, based upon defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct.   If the Court determines defendant's offense level to be 16 or greater prior to the operation of U.S.S.G. §3E1.1(a), the United States agrees to make a motion under U.S.S.G. §3E1.1(b) for an additional one-level decrease in recognition of the defendant's timely notification of his intention to plead guilty.   The United States may oppose any adjustment for acceptance of responsibility if defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, the Department of Justice, or the United States Probation Office; (e) obstructs or attempts to obstruct justice

prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

10.   Defendant understands that there is no agreement as to the sentencing provisions set out in Chapter Four of the Guidelines, and that the foregoing sentencing guidelines calculations could change based upon his criminal history category, or if he is a career offender, or if the instant offense was part of a pattern of criminal conduct from which he derived a substantial portion of his income.

11.   The United States and defendant agree that with respect to the calculation of the advisory Guidelines range, no other offense characteristics, Sentencing Guidelines factors, potential departures or adjustments as set forth in Chapters 2, 3, 4, or 5 of the Guidelines will be raised, argued, or are in dispute.

12.   If the United States determines that defendant has provided substantial assistance in any investigation or prosecution, and has otherwise fully complied with all of the terms of this Plea Agreement, it will make a motion, pursuant to U.S.S.G. §5K1.1, advising the sentencing judge of all the relevant facts pertaining to that determination and requesting the Court to sentence defendant in light of the factors set forth in U.S.S.G. §5K1.1(a)(1)-(5).  Defendant acknowledges that the decision with respect to whether he has provided substantial

assistance in any investigation or prosecution, and has otherwise
fully complied with all of the terms of this Plea Agreement is
within the sole discretion of the United States.  Defendant
further agrees that he will not contest or dispute the decision
of the United States whether to file a motion for departure or
the departure level recommended by the United States, if the
United States makes a motion pursuant to U.S.S.G. §5K1.1.  It is
understood that should the United States determine that defendant
has not provided substantial assistance in any investigations or
prosecutions, or should the United States determine that
defendant has violated any provision of this Plea Agreement, such
a determination will release the United States from any
obligation to file a motion pursuant to U.S.S.G. §5K1.1, but will
not entitle defendant to withdraw his guilty plea.  Defendant
further understands that whether the United States files a motion
pursuant to U.S.S.G. §5K1.1, the sentence to be imposed on him
remains within the sole discretion of the Court.

     13.  Subject to the ongoing, full, and truthful cooperation
of defendant described in Paragraph 20 of this Plea Agreement,
and before sentencing in the case, the United States will fully
advise the Court and the Probation Office of the fact, manner,
and extent of defendant's cooperation and his commitment to
prospective cooperation with the investigations and prosecutions
by the United States, all material facts relating to defendant's

involvement in the charged offense, and all other relevant conduct.   To enable the Court to have the benefit of all relevant sentencing information, the United States may request, and defendant will not oppose, that sentencing be postponed until his cooperation is fully or substantially completed.

14.   Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Guidelines calculation. The validity of this Plea Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations and defendant has no right to withdraw his Plea Agreement if the probation officer or the Court do not agree or concur with the calculations, stipulations, or recommendations of the parties.   Defendant further understands that, as provided in Federal Rule of Criminal Procedure 11(c)(3)(B), if the Court does not impose a sentence consistent with the calculations or recommendations contained in this Plea Agreement, he nevertheless has no right to withdraw his plea of guilty.

<u>RESTITUTION</u>

15.   Defendant agrees to the entry of a restitution order for the full amount of the victim's losses pursuant to 18 U.S.C. §§ 3556, 3663A(c)(1)(A)(ii), and 3664(f)(1)(A).

## FORFEITURE

16.   Defendant agrees to forfeit all interests in any bribery-related asset that defendant currently owns, has previously owned, or over which defendant currently, or has in the past, exercised control, directly or indirectly, and any property defendant has transferred, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of his offense, including, but not limited to the following specific property:

(a) $74,850 in U.S. currency seized from defendant at FOB Fenty, Afghanistan on February 26, 2012.
Defendant agrees to hold the United States, its agents, and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this agreement.

17.   Defendant agrees to identify all assets over which defendant exercises or exercised control, directly or indirectly, within the past three (3) years or has or had during that time any financial interest.  Defendant agrees to take all steps as requested by the United States to obtain from any other parties any records of assets owned at any time by defendant.   Defendant agrees to provide and/or consent to the release of the defendant's tax returns for the previous five years.

18.   Defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture

13

proceeding, whether criminal or civil, state or federal. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that will be imposed in this case and waives any failure by the Court to advise him of this fact, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

19. Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States and to testify truthfully in any forfeiture proceeding. Defendant agrees that all property covered by this agreement is subject to forfeiture as proceeds of his illegal activity.

## DEFENDANT'S COOPERATION

20. Defendant will cooperate fully and truthfully with the United States in the prosecution of this case, the investigation of violations of federal criminal laws involving illegal activity

at Forward Operating Base Fenty, Afghanistan or elsewhere in
Afghanistan, any other federal investigation resulting therefrom,
and any litigation or other proceedings arising or resulting from
any such investigation to which the United States is a party
("Relevant Proceeding"). The ongoing, full, and truthful
cooperation of defendant shall include, but not be limited to:

(a)  producing all non-privileged documents, including
personal documents, and other materials, wherever located,
in the possession, custody, or control of defendant, as
requested by attorneys and agents of the United States;

(b)  making himself available for interviews, not at
the expense of the United States, upon the request of
attorneys and agents of the United States;

(c)  responding fully and truthfully to all inquiries
of the United States in connection with any Relevant
Proceeding, without falsely implicating any person
or intentionally withholding any information, subject to the
penalties of making false statements (18 U.S.C. § 1001) and
obstruction of justice (18 U.S.C. § 1503 et seq.);

(d)  otherwise voluntarily providing the United States
with any non-privileged material or information, not
requested in (a) - (c) of this paragraph, that he may have
that is related to any Relevant Proceeding; and

(e)  when called upon to do so by the United States in

connection with any Relevant Proceeding, testifying in grand jury, trial, and other judicial proceedings fully, truthfully, and under oath, subject to the penalties of perjury (18 U.S.C. § 1621), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401-02), and obstruction of justice (18 U.S.C. § 1503 et seq.).

<u>GOVERNMENT'S AGREEMENT</u>

21. Subject to the full, truthful, and ongoing cooperation of the defendant, as described in Paragraph 20 of this Plea Agreement, and upon the Court's acceptance of the guilty plea called for by this Plea Agreement and the imposition of the sentence, the Department of Justice, Criminal Division will not bring further criminal charges against defendant for any act or offense committed before the date of this Plea Agreement that was undertaken in furtherance of the crimes arising from the facts set forth in the Information and in this Plea Agreement ("Relevant Offenses"). The nonprosecution terms of this paragraph do not apply to civil or administrative matters of any kind, to any violation of the federal tax or securities laws, or to any crime of violence. The defendant understands that this Plea Agreement is binding only upon the Department of Justice, Criminal Division and does not bind the United States Department of Defense, Department of the Army, or any other federal, state,

16

or local entity, and that this Plea Agreement in no way controls whatever action, if any, other agencies may take.

## REPRESENTATION BY COUNSEL

22.  Defendant has reviewed all legal and factual aspects of this case with his attorney and is fully satisfied with his attorney's legal representation.  Defendant has thoroughly reviewed this Plea Agreement with his attorney and has received satisfactory explanations from his attorney concerning each paragraph of this Plea Agreement and alternatives available to defendant other than entering into this Plea Agreement.  After conferring with his attorney and considering all available alternatives, defendant has made a knowing and voluntary decision to enter into this Plea Agreement.

## VOLUNTARY PLEA

23.  Defendant's decision to enter into this Plea Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Plea Agreement.  The United States has made no promises or representations to defendant as to whether the Court will accept or reject the recommendations contained in this Plea Agreement.

## VIOLATION OF PLEA AGREEMENT

24.  Defendant agrees that should the United States determine in good faith, during the period that any Relevant

Proceeding is pending, that defendant has violated any provision of this Plea Agreement, the United States will notify defendant or his counsel in writing by personal or overnight delivery or facsimile transmission and may also notify his counsel by telephone of its intention to void any of its obligations under this Plea Agreement (except its obligations under this paragraph), and defendant shall be subject to prosecution for any federal crime of which the United States has knowledge including, but not limited to, the substantive offenses relating to the investigation resulting in this Plea Agreement.  Defendant agrees that, in the event that the United States is released from its obligations under this Plea Agreement and brings criminal charges against defendant for any of the Relevant Offenses, the statute of limitations period for such offenses will be tolled for the period between the date of the signing of this Plea Agreement and six (6) months after the date the United States gave notice of its intent to void its obligations under this Plea Agreement.

25.  Defendant understands and agrees that in any further prosecution of him resulting from the release of the United States from its obligations under this Plea Agreement, any statements, including the statements admitted to or adopted by him in this Plea Agreement, documents, information, testimony, or evidence provided by him to attorneys or agents of the United States, federal grand juries, or courts, and any leads derived

18

therefrom, may be used against him.   In addition, defendant unconditionally waives his right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of Federal Rule of Evidence 410.

### ENTIRETY OF AGREEMENT

26.   This Plea Agreement constitutes the entire agreement between the United States and defendant concerning the disposition of these criminal charges.   This Plea Agreement cannot be modified except in writing, signed by the United States and defendant.

27.   The undersigned attorney for the United States has been authorized by the Attorney General to enter this Plea Agreement on behalf of the United States.

28.   A facsimile or other electronically transmitted signature shall be deemed an original signature for the purpose of executing this Plea Agreement.   Multiple signature pages are authorized for the purpose of executing this Plea Agreement.


Dated:  _June 1, 2012_                    Respectfully submitted,

Mark W. Pletcher
Trial Attorney
United States Department of Justice
1400 New York Avenue, 4th Floor
Washington, DC 20530

20

I have read this agreement and carefully reviewed every part
of it with my attorney.  I understand it, and I voluntarily agree
to it.  Specifically, I have reviewed the factual and advisory
guidelines stipulations with my attorney, and I do not wish to
change any of them.  I am completely satisfied with the
representation of my attorney.

March 27, 2012
Date

Larry Emmons

I am Larry Emmons's attorney.  I have carefully reviewed
every part of this agreement with him.  To my knowledge, his
decision to enter into this agreement is informed and voluntary.

MARCH 27, 2012
Date

Brian Walker, Esq.
Counsel for Larry Emmons

March 28, 2012
Date

John Schum, Esq.
Counsel for Larry Emmons

21